IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Granite Rock Company,<br><br>    Plaintiff,<br>  v.<br>International Brotherhood of Teamsters, Freight, Construction, General Drivers, Warehousemen and Helpers, Local No. 287,<br><br>    Defendant. | NO. C 04-02767 JW<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, OR, IN THE ALTERNATIVE, FOR A STAY PENDING ARBITRATION** |

## I.  INTRODUCTION

Plaintiff Granite Rock Company ("Plaintiff" or "Granite Rock") brings this action against Defendant International Brotherhood of Teamsters, Freight, Construction, General Drivers, Warehousemen and Helpers, Local No. 287 ("Defendant" or "Local 287") pursuant to Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a), for disputes arising out of alleged contract violations.  Plaintiff alleges that there was a ratified collective bargaining agreement between the parties, and that Defendant violated the agreement by engaging in an unlawful strike.  Defendant now moves for judgment on the pleadings under Rule 12(c), or, in the alternative, for a stay of proceedings pending arbitration of the dispute.

A hearing on Defendant's motion was set for July 11, 2005.  However, this Court finds it appropriate to take the motion under submission without oral argument pursuant to Civil Local Rule 7-1(b).  Based on the arguments advanced by counsel in their briefs and on the pleadings, Defendant's motion is DENIED.

## II.  BACKGROUND

Plaintiff Granite Rock is a California company engaged in the business of supplying ready mixed concrete for commercial use.  Defendant Local 287 is a voluntary, unincorporated association, commonly known as and doing business as a "labor organization" within the meaning of 29 U.S.C. § 185.  Local 287 represented certain Granite Rock employees at its San Jose facility, and is the collective bargaining representative for employees engaged as drivers at the San Jose facility.

From March 1, 1999 to April 30, 2004 Plaintiff and Defendant were parties to a collective bargaining agreement.  (Amended Complaint, hereinafter "Am. Compl.," ¶ 6.)  Preliminary negotiations for a new agreement commenced in March 2004.  Negotiations continued throughout April and May without success.  In early June 2004, after the agreement's expiration, bargaining unit employees at the San Jose facility went out on strike.  (Am. Compl. ¶ 8.)  After further negotiations, Plaintiff alleges the parties reached an agreement at 4:00 am on Friday, July 2, 2004 on terms for a new collective bargaining agreement covering the period from May 1, 2004 to April 30, 2008.  (Am. Compl. ¶ 8.)  In addition, Plaintiff claims that George Netto, Local 287's Business Representative, called to inform Plaintiff that the agreement was ratified later that same day by a vote of all the union employees.  (Am. Compl. ¶ 10.)  Defendant denies that the agreement was ever ratified.

Plaintiff also alleges that the parties agreed to maintain the same contract language as the previous collective bargaining agreement, except where noted in the July 2, 2005 agreement.  (Am. Compl. ¶ 9.)  The relevant portions to this action, Plaintiff alleges, are Section 19 ("Discharge / Suspension"), Section 20 ("Grievance Procedure") and Section 22 ("Strikes and Lockouts").  Plaintiff alleges that the parties agreed to discuss a "Back to Work Agreement" at a later date, and that any such agreement would be subject to the grievance procedure set forth in the July 2, 2005 collective bargaining agreement.  That agreement included a no-strike clause and a compulsory grievance and arbitration procedure for the settlement of any disputes "arising under" the agreement.  (Am. Compl. ¶ 11.)

Plaintiff alleges that Defendant violated the July 2, 2005 collective bargaining agreement by

2

calling union members and instructing them not to return to work. Plaintiff alleges that Defendant wanted "guaranteed amnesty" for its employees and employees at Plaintiff's other facilities in three counties covered by separate collective bargaining agreements. Plaintiff alleges that Defendant violated the agreement by not participating in the compulsory grievance and arbitration provision set forth in the ratified collective bargaining agreement and by engaging in an unlawful strike. (Am. Compl. ¶¶ 13-14.) Plaintiff also alleges that it is willing to participate in the grievance and arbitration proceedings provided in the collective bargaining agreement. (Am. Compl. ¶ 17.) The strike has now ended. However, Plaintiff still prays for damages from the violation of the alleged collective bargaining agreement.

Local 287 has moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), or, in the alternative, for a stay of these proceedings pending arbitration of the dispute. Local 287 argues that Plaintiff's alleged claim is subject to arbitration rather than judicial resolution. Plaintiff responds that a jury, not an arbitrator, must decide the dispute.

### III. STANDARDS

"After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). For purposes of a 12(c) motion, the allegations of the non-moving party are accepted as true, while the allegations of the moving party which were denied are assumed false. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990). Judgment on the pleadings is only proper when the moving party clearly establishes that no material issue of fact remains and that the moving party is entitled to judgment as a matter of law. Id.

If satisfied that a proceeding involves an issue referable to arbitration under a written agreement, a court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. However, parties can only be required to submit to arbitration if they agreed to so submit. AT & T Technologies v. Communications Workers of America, 475 U.S. 643, 648 (1986). Unless the parties clearly

provide otherwise, "the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." Id. at 649.  The court, if satisfied of the making of an agreement for arbitration, may "make an order directing the parties to proceed to arbitration."  9 U.S.C. § 4.

## IV.  DISCUSSION

Section 301 of the Labor Management Relations Act provides for suits by and against labor organizations.  See 29 U.S.C. § 301(a).  The plaintiff, under a § 301 claim, must sufficiently plead that there was a violation of a contract "between an employer and a labor organization representing employees affecting commerce as defined in this chapter."  Id.  Defendant Local 287 admits that it is a "labor organization" within the meaning of § 301.  (Answer ¶ 2.)  In its answer and 12(c) motion, however, Defendant denies the ratification of the July 2, 2005 contract between the parties.  In addition, Defendant argues that Plaintiff's complaint is legally deficient on its face because the contract dispute must be decided in arbitration rather than in the courts.

The Court finds that Plaintiff's complaint sufficiently alleges a claim under § 301.  Plaintiff alleges an oral agreement and employee ratification of the collective bargaining agreement, specifying the date the agreement was made, July 2, 2005, and the person who informed Plaintiff of the ratification, Union representative George Netto.  Plaintiff has included a copy of the alleged contract as an exhibit to its complaint.  Plaintiff has also satisfactorily alleged a violation of the agreement, claiming that Defendant Local 287 prompted employees to go out on strike in violation of the agreement.  In this 12(c) motion for judgment on the pleadings, the Court accepts as true the allegations of the Plaintiff Granite Rock, here the non-moving party.  See Hal Roach Studios, 896 F.2d at 1450. Moreover, at this point in the litigation, there is a clearly a disputed issue of material fact as to whether there was a ratified contract at all.  See id.

Defendant's argument that the dispute is subject to the grievance and arbitration provisions of the contract, rather than court adjudication, is misplaced at this time.  The provisions of the contract would only be binding if there was a contract in the first place; yet, Defendant claims the contract was never ratified.  Defendant, of course, is allowed to plead in the alternative under Federal Rule of Civil

4

Procedure 8(e)(2). However, Defendant cannot avail itself of arbitration while at the same time insisting that the agreement was never ratified. Moreover, for the purposes of a 12(c) motion, the Court need not determine the merits of the dispute; here, it is enough that a material issue of fact remains over the existence of the contract. See Hal Roach Studios, 896 F.2d at 1550 (judgment on the pleadings is only proper when moving party clearly establishes that no material issue of fact remains). Thus, Defendant's 12(c) motion for judgment on the pleading is denied.

The Court also denies Defendant's alternative motion for a stay of these proceedings pending arbitration. A stay of a proceeding pending arbitration will only be granted if the court is satisfied that the dispute involves an issue referable to arbitration according to a written agreement. 9 U.S.C. § 3. However, "the existence and scope of a contract to arbitrate are questions for the court to determine in the first instance." California Trucking Ass'n v. Teamsters Local 70, 679 F.2d 1275, 1280 (9th Cir. 1982). Unless the parties agree otherwise, the courts decide whether the parties have agreed to arbitrate specific issues. Id. Here, Defendant Local 287 denies the ratification of the July 2, 2005 collective bargaining agreement. Thus, the Court must first decide whether a contract exists before either party can be subject to or ordered to take their dispute to arbitration. The Court cannot determine from the pleadings before it, as a matter of law, whether the contract was ratified. Without a judicial determination of the existence and scope of the alleged collective bargaining agreement, the Court will not stay these proceedings pending arbitration at this time.

## V.  CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion for judgment on the pleadings, or, in the alternative, for an order staying these proceedings pending arbitration.

Dated: July 18, 2005                    /s/ James Ware
                                        JAMES WARE
04cv2767pleadings                       United States District Judge

5

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alan Sam Levins alevins@littler.com
Deborah  Rice drice@littler.com
Duane B. Beeson dbeeson@beesontayer.com
Gabriel Saul Levine glevine@littler.com
Philip  Paturzo ppaturzo@littler.com

**Dated: July 19, 2005**              **Richard W. Wieking, Clerk**


                                      **By: /jwchambers/**
                                      **Ronald L. Davis**
                                      **Courtroom Deputy**