United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GRANITE ROCK COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS, FREIGHT, CONSTRUCTION, GENERAL DRIVERS, WAREHOUSEMEN & HELPERS, LOCAL 287 (AFL-CIO),<br><br>Defendant. | NO. C 04-02767 JW<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S JURY DEMAND** |

I. INTRODUCTION

Plaintiff Granite Rock Company ("Plaintiff") brings this action against Defendant International Brotherhood of Teamsters, Freight, Construction, General Drivers, Warehousemen and Helpers, Local No. 287 ("Defendant") pursuant to Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a), for disputes arising out of alleged contract violations. Plaintiff alleges that there was a ratified collective bargaining agreement between the parties, and that Defendant violated the agreement by engaging in an unlawful strike.

Defendant now moves for partial summary judgment. The purpose of the motion "is to enable the Court to determine in advance of trial whether, as Defendant contends, particular issues raised by the pleadings in this case should be reserved for arbitration pursuant to the collective bargaining agreement, and

not heard at trial by the Court." Motion, p.1  Specifically, Defendant contends that "trial of this case must be limited to the single question of whether the collective bargaining agreement that Plaintiff claims to have been violated was in existence at the time the alleged violation occurred, and that the potential issues as to whether Defendant violated the agreement and the amount of damages, if any to be awarded, must be referred to arbitration if the agreement is found by the Court to have been in existence at the relevant time." Id. Defendant also moves to strike Plaintiff's jury demand

A hearing on Defendant's motions was set for November 14, 2005.  However, this Court finds it appropriate to take the motions under submission without oral argument pursuant to Civil Local Rule 7-1(b).  Based on the arguments advanced by counsel in their briefs and on the pleadings, Defendant's motion for partial summary judgment is GRANTED, and Defendant's motion to strike Plaintiff's jury demand is DENIED.

## II. BACKGROUND

A.   Factual Background

Plaintiff Granite Rock is a California company engaged in the business of supplying ready mixed concrete for commercial use.  Defendant Local 287 is a voluntary, unincorporated association, commonly known as and doing business as a "labor organization" within the meaning of 29 U.S.C. § 185.  Defendant represents certain Granite Rock employees at its San Jose facility, and is the collective bargaining representative for employees engaged as drivers at the San Jose facility.

From March 1, 1999 to April 30, 2004 Plaintiff and Defendant were parties to a collective bargaining agreement. (Amended Complaint, hereinafter "Am. Compl.," ¶ 6.)  Preliminary negotiations for a new agreement commenced in March 2004.  Negotiations continued throughout April and May without success.  In early June 2004, after the agreement's expiration, bargaining unit employees at the San Jose facility went on strike. (Am. Compl. ¶ 8.)  Plaintiff alleges that after further negotiations, the parties reached an agreement at 4:00 a.m. on Friday, July 2, 2004 on terms for a new collective bargaining agreement covering the period from May 1, 2004 to April 30, 2008 ("New Agreement"). (Am. Compl. ¶ 8.)  In addition, Plaintiff claims that George Netto, Defendant's Business Representative, called to inform Plaintiff

that the New Agreement was ratified later that same day by a vote of all the union employees. (Am. Compl. ¶ 10.)

Defendant denies that the New Agreement was ever ratified. Instead, Defendant asserts that ratification was conditioned on the parties first agreeing on a "Back to Work Agreement." Plaintiff, on the other hand, alleges that the parties agreed to discuss a "Back to Work Agreement" at a later date, and that any such "Back to Work Agreement" would be subject to the grievance procedure set forth in the New Agreement. The New Agreement included a no-strike clause and a compulsory grievance and arbitration procedure for the settlement of "any disputes" arising under the agreement. (Am. Compl. ¶ 11.)

On July 5, 2004, Defendant allegedly violated the New Agreement by calling union members and instructing them not to return to work. (Am. Compl. ¶ 13.) Plaintiff alleges that Defendant informed Plaintiff that its members would not return to work until Plaintiff executed a "Back to Work Agreement" guaranteeing amnesty for its employees and for employees of Plaintiff's other facilities in three counties covered under separate collective bargaining agreements with different unions. (Am. Compl. ¶ 13.) Plaintiff also alleges that Defendant violated the New Agreement by not participating in the compulsory grievance and arbitration provision set forth in the agreement and by engaging in an unlawful strike. (Am. Compl. ¶¶ 13-14.) The strike has now ended. However, Plaintiff still seeks damages resulting from the alleged violation of the New Agreement.

B.  Procedural Background

On July 9, 2004, Plaintiff filed the instant complaint against Defendant for damages from the allegedly unlawful strike. Shortly thereafter, Plaintiff amended the complaint to include injunctive relief, and brought a motion for temporary restraining ("TRO") to: (1) Enjoin and restrain Defendant from "[t]hreatening, causing, directing, assisting or participating in any strike, slowdown or other concerted refusal to perform work in violation of the collective bargaining agreement between the parties, or in any other manner interrupting the normal operations of Plaintiff over any dispute, complaint or grievance with Plaintiff concerning the discipline and/or amnesty on striking employees which is resolvable under the grievance and arbitration provisions of the Parties' collective bargaining agreement"; and (2) to "withdraw

3

1 any outstanding orders or directions to employees of Plaintiff that said employees should engage in a

2 cessation of work because of any dispute over the application or interpretation of the Collective Bargaining

3 Agreement and to advise all employees and prospective employees of Plaintiff represented by Defendant

4 not to engage in any of the acts described above." Plaintiff's Application, p.2.

5       The Court determined that Plaintiff's application for a temporary restraining order could be

6 consolidated with a trial on the merits pursuant to Rule 65, Fed.R.Civ.P., and proceeded to hear the case

7 on its merits with respect to whether the collective bargaining agreement had been ratified. Following the

8 receipt of testimony, the Court found that the New Agreement had not been ratified; dismissed the

9 complaint; and entered judgment.

10       Plaintiff next filed a motion for a new trial based upon newly discovered evidence, which the Court

11 granted. Thereafter, Defendant moved for judgment on the pleadings under Federal Rule of Civil

12 Procedure 12(c), or, in the alternative, for a stay of these proceedings pending arbitration of the dispute.

13 The Court denied Defendant's motion because of the underlying factual dispute regarding the alleged

14 ratification of the New Agreement. See Order Denying Defendant's Motion for Judgment on the Pleadings,

15 Docket Item No. 57.

16       Defendant now moves for partial summary judgment under Federal Rule of Civil Procedure 56 to

17 resolve the scope of the arbitration clause contained in the New Agreement. The arbitration provision in

18 the New Agreement states that "[a]ll disputes arising under this agreement shall be resolved in accordance

19 with the [Federal Mediation and Conciliation Service for Mediation if the Union and the Employer are

20 unable to resolve the dispute]." (Decl. of Duane B. Beeson, Ex. B at 18.) Defendant contends that

21 assuming that the Court finds ratification, the New Agreement requires arbitration of the remaining issues,

22 namely breach and damages. Plaintiff, however, contends that all issues are to be decided in this judicial

23 proceeding, not arbitration.

24       Defendant also moves to strike Plaintiff's jury demand under Federal Rule of Civil Procedure 39(a),

25 on the grounds that Plaintiff's demand was untimely, or alternatively, that Plaintiff waived its right to jury

26 trial. Plaintiff opposes the motion.

27

28

**United States District Court**
For the Northern District of California

## III.  STANDARDS

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." Celotex v. Catrett, 477 U.S. 317, 323-324 (1986).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323.  If this burden is met, the moving party is then entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element with respect to which the non-moving party bears the burden of proof at trial. Id. at 322-23.

The non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  The non-moving party cannot defeat the moving party's properly supported motion for summary judgment simply by alleging some factual dispute between the parties.  To preclude the entry of summary judgment, the non-moving party must bring forth material facts, i.e., "facts that might affect the outcome of the suit under the governing law . . .  Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986).

The court must draw all reasonable inferences in favor of the non-moving party, including questions of credibility and of the weight to be accorded particular evidence. Masson v. New Yorker Magazine, Inc., 501 U.S. 496, 520 (1991) (citing Anderson, 477 U.S. at 255); Matsushita, 475 U.S. at 588; T.W. Elec. Serv. v. Pac. Elec. Contractors, 809 F.2d 626, 630 (9th Cir. 1987).  It is the court's responsibility "to determine whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor

based on that evidence." T.W. Elec. Serv., 808 F.2d at 631. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587.

## IV. DISCUSSION

Defendant's motion for summary judgment is based upon the arbitration provision of the New Agreement and is relatively straightforward: if the Court finds that the New Agreement was ratified, the remaining issues, namely the alleged breach of the New Agreement and damages, are subject to arbitration pursuant to the terms of the New Agreement. Plaintiff contends, however, that: (1) Defendant has repudiated the arbitration provision by arguing that the New Agreement was not ratified; (2) Defendant is judicially and equitably estopped from asserting the arbitration provisions; (3) Defendant has waived its right to arbitrate; and (4) bifurcation of ratification issues from contract violation and damages issues is inefficient and inappropriate.

A.  Repudiation

Citing to California Trucking Ass'n. v. Bhd. of Teamsters & Auto Truck Drivers, Local 70, 679 F.2d 1275 (9th Cir. 1982), Plaintiff contends that Defendant repudiated the arbitration provision in the New Agreement because: (1) Defendant made an untimely assertion of the arbitration claims, and (2) denied the binding effect of the New Agreement. Plaintiff's Opposition, p.3.[1]

What occurred before the court in California Trucking Ass'n, however, is materially distinct from what occurred before this Court. In California Trucking Ass'n, the union did not assert a right to arbitration in a timely manner. California Trucking Ass'n 679 F.2d at 1284. Instead, the union

---

[1] In general, "when a contract calls for arbitral resolution of questions arising under the collective bargaining agreement, the equitable defense of repudiation is a matter to be decided in arbitration, not in court." California Trucking at 1282. See also Local Union No. 370 of the Int'l Union of Operating Eng'rs v. Morrison-Knudsen Co., Inc., 786 F.2d 1356, 1358 (9th Cir. 1986) ("It is well-settled law that the question of whether repudiation [of a collective bargaining agreement] has occurred must normally be submitted to the arbitrator."). However, a district court has jurisdiction to resolve a repudiation defense based on conduct occurring before it. California Trucking at 1283.

6

1  "argued before the court that it preferred to have the action determined in a speedy trial." Id.  The union

2  also delayed over three years before moving to dismiss the lawsuit for failure to exhaust contractual

3  grievance procedures, and delayed an additional year before requesting a stay.  Id.  Moreover, the court in

4  California Trucking Ass'n found that "neither the motions for dismissal nor the motion for stay alleged that

5  the provisions in the . . . agreement it now relies upon required arbitration."  Id..  Further, the court in

6  California Trucking Ass'n found that the union had "substantially invoked the litigation machinery by

7  submitting several motions for summary judgment on the merits."  Id.

8        In the instant case, although Defendant opposed Plaintiff's motion for TRO by arguing that there

9  was no ratification of the New Agreement, and that even if there was ratification, there was nothing to

10 arbitrate[2], Defendant did not engage in the kind of dilatory tactics that the union in California Trucking Ass'n

11 did.  Defendant has consistently argued that the arbitration provision applies to the issues of breach of

12 contract and damages.  Defendant's answer specifically asserts the affirmative defense that the alleged

13 breach of contract and damages are issues subject to the grievance and arbitration provisions of the

14 collective bargaining agreement.  (Defendant's Answer, Docket Item No. 43 at 3:14-20.)  At the TRO

15 hearing, Defendant argued that there was nothing to arbitrate, and not, as Plaintiff contends, that the

16 arbitration provision does not apply.  Further, in each of Defendant's substantive motions to date,

17 Defendant has asked the Court to find that the arbitration provision applies to the issues of breach of

18 contract and damages.  Therefore, the Court finds that Defendant has not repudiated the arbitration

19 provision contained in the New Agreement.

20 B.     Judicial and Equitable Estoppel

21       Citing to New Hampshire v. Maine, 532 U.S. 742 (2001), Plaintiff contends that Defendant is

22 judicially and equitably estopped from asserting the arbitration provision of the New Agreement.  In New

23 Hampshire, the Supreme Court identified several factors that typically inform the decision whether to apply

24 the doctrine of judicial estoppel in a particular case: (1) whether the party's later position is "clearly

---

[2] Non-performance of an alleged union contract, even when unjustified, is not per se a repudiation of the arbitration provision contained therein. California Trucking Ass'n, 679 F.2d at 1283.

inconsistent" with its earlier position; (2) whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or second court was misled; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. Id. at 750-751.

Plaintiff contends that the Court should apply the doctrine of judicial estoppel because: (1) Defendant denied the binding effect of the New Agreement; (2) Defendant succeeded at the temporary restraining order stage in arguing that the New Agreement had not been ratified; and (3) Defendant derives an unfair advantage by being able to effectively choose what forum it would prefer to have adjudicate the liability and damages of its violation of the New Agreement's no-strike clause.

Plaintiff's argument is unpersuasive for a number of reasons. First, the law allows Defendant to assert both that the union contract does not exists, and alternatively that if it does exist, the arbitration provision applies. California Trucking Ass'n. v. Bhd. of Teamsters & Auto Truck Drivers, Local 70, supra, at 1283-1284. Furthermore, as discussed previously in Section "A" to this Order, Defendant has consistently argued that the arbitration provision applies to the issues of breach of contract and damages. As for Plaintiff's contention of forum shopping, this judicial forum was selected by Plaintiff, not Defendant. Therefore, the Court rejects Plaintiff's judicial and equitable estoppel theories.

C.   Waiver

Plaintiff contends that Defendant waived its right to arbitrate because of undue delay in bringing the matter to arbitration, and that Plaintiff was prejudiced from the delay. As the Court has explained in Section "A" of this Order, Defendant did not unduly delay making its arbitration. The Court granted Plaintiff's Motion for a New Trial on January 25, 2005, and Defendant immediately filed an answer on February 17, 2005, asserting the compulsory arbitration provision as an affirmative defense. Defendant's Answer to Amended Complaint, Docket Item No. 43. Because there was no undue delay, the Court need not reach the prejudice issue.

D.   Efficiency and Appropriateness

8

1  Plaintiff contends that a bifurcation of ratification issues from contract violation and damages issues
2  is inefficient and inappropriate. Plaintiff's contention is unpersuasive. In <u>Drake Bakeries, Inc. v. Local 50,</u>
3  <u>Am. Bakery</u>, 370 U.S. 254 (1962), the Supreme Court found that under our federal labor policy, courts
4  have "every reason to preserve the stabilizing influence of the collective bargaining contract" where the
5  arbitration provision includes all disputes, did not exclude claims for strikes, and contemplated submission
6  of grievances. <u>See</u> <u>Id.</u> at 258. The arbitration provision in the instant case includes all disputes. Plaintiff
7  does not contend that the arbitration provision excludes claims for strikes, and the submission of grievances
8  to an arbitrator was clearly contemplated in the agreement. Therefore, assuming ratification, the Court has
9  every reason to preserve the stabilizing influence of the New Agreement, and refer the appropriate issues to
10 arbitration.

11 E.  **Jury Demand**

12 Defendant contends that Plaintiff's jury demand was untimely. Under Federal Rule of Civil
13 Procedure 38(b), "any party may demand a trial by jury of any issue triable of right by a jury by . . . serving
14 upon the other parties a demand therefor in writing at any time after the commencement of the action and
15 not later than 10 days after the service of the last pleading directed to such issue." Fed. R. Civ. P. 38(b).
16 The last pleading directed to the issue of a jury trial was Defendant's Answer to Amended Complaint,
17 Docket Item No. 43. <u>See</u> <u>Pacific Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd.</u>, 239 F.3d 1000, 1002.
18 In <u>Pacific Fisheries Corp.</u>, the jury demand was untimely because the jury demand was filed more than ten
19 days after the defendant had answered the complaint. <u>Id.</u> In our case, Defendant's Answer to Amended
20 Complaint was filed on February 17, 2005, and Plaintiff made a demand for a jury trial on February 24,
21 2005. Therefore, Plaintiff's jury trial demand was timely.

22 Nevertheless, relying upon <u>White v. McGuiness</u>, 903 F.2d 699 (9th Cir. 1990), Defendant
23 contends that Plaintiff waived its right to a jury trial on the ratification issue. The <u>White v. McGuiness</u> case,
24 however, is factually distinct from the instant case. In holding that the plaintiff had knowingly waived his
25 right to a jury trial, the <u>White</u> court found that the objecting party was on notice that the trial court was
26 planning to adjudicate the dispositive issues of fact, *and* chose to argue his case fully before the district
27
28                                                          9

**United States District Court**
For the Northern District of California

judge. In the instant case, Plaintiff did not choose to argue its case *fully* before the Court. What Plaintiff chose to argue before the Court without a jury was whether a temporary restraining order should issue against Defendant for violating the Labor Management Relation Act, and *not*, as Defendant contends, the issue of whether the collective bargaining agreement had been ratified. Moreover, the Court has an obligation to indulge every reasonable presumption against the waiver of the jury right. See Pradier v. Elespuru, 641 F.2d 808, 811 (9th Cir. 1981).

## V.  CONCLUSION

For the reasons set forth above, Defendant's motion for partial summary judgment is GRANTED, and Defendant's motion to strike is DENIED.

Dated: November 18, 2005              /s/James Ware
04cv2767sj                            JAMES WARE
                                      United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Adam James Peters apeters@littler.com
Alan Sam Levins alevins@littler.com
Deborah Rice drice@littler.com
Duane B. Beeson dbeeson@beesontayer.com
Gabriel Saul Levine glevine@littler.com
Kimberly Lynn Owens kowens@littler.com
Philip Paturzo ppaturzo@littler.com
Ronald A. Peters rpeters@littler.com


**Dated: November 21, 2005**               **Richard W. Wieking, Clerk**

                                           **By:__/s/JW Chambers_____**
                                               **Ronald L. Davis**
                                               **Courtroom Deputy**

**United States District Court**
For the Northern District of California