1

2

3

4

5

6

7                       IN THE UNITED STATES DISTRICT COURT

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                               SAN JOSE DIVISION

10

11   GRANITE ROCK COMPANY,                    NO. C 04-02767 JW

12

13               Plaintiff,
                                              **ORDER DENYING DEFENDANT'S**
14       v.                                   **MOTION FOR SUMMARY JUDGMENT**
                                              **RE ISSUE PRECLUSION**
15   INTERNATIONAL BROTHERHOOD OF
     TEAMSTERS, FREIGHT,
16   CONSTRUCTION, GENERAL
     DRIVERS, WAREHOUSEMEN &
17   HELPERS, LOCAL 287 (AFL-CIO),

18               Defendant.

19   _____/
                                    I.  INTRODUCTION

20          Plaintiff Granite Rock Company ("Plaintiff") brings this action against Defendant

21   International Brotherhood of Teamsters, Freight, Construction, General Drivers, Warehousemen and

22   Helpers, Local No. 287 ("Defendant") pursuant to Section 301(a) of the Labor Management

23   Relations Act, 29 U.S.C. § 185(a), for disputes arising out of alleged contract violations.  Plaintiff

24   alleges that there was a ratified collective bargaining agreement between the parties, and that

25   Defendant violated the agreement by engaging in an unlawful strike.

26          Defendant now moves for summary judgment.  Defendant contends that the National Labor

27   Relations Board ("NLRB") has made a conclusive determination that the collective bargaining

28   agreement at issue in the present suit was not in existence at the time of the allegedly unlawful

United States District Court

For the Northern District of California

1   strike, and that the NLRB's determination is binding on Plaintiff.

2       A hearing on Defendant's motion was set for February 6, 2006.  However, this Court finds it

3   appropriate to take the motion under submission without oral argument pursuant to Civil Local Rule

4   7-1(b).  Based on the arguments advanced by counsel in their briefs and on the pleadings,

5   Defendant's motion for summary judgment is denied.

6                                    II.  BACKGROUND

7   A.      Factual Background

8       Plaintiff Granite Rock is a California company engaged in the business of supplying ready

9   mixed concrete for commercial use.  Defendant Local 287 is a voluntary, unincorporated

10  association, commonly known as and doing business as a "labor organization" within the meaning of

11  29 U.S.C. § 185.  Defendant represents certain Granite Rock employees at its San Jose facility, and

12  is the collective bargaining representative for employees engaged as drivers at the San Jose facility.

13      From March 1, 1999 to April 30, 2004 Plaintiff and Defendant were parties to a collective

14  bargaining agreement.  (Amended Complaint, hereinafter "Am. Compl.," ¶ 6.)  Preliminary

15  negotiations for a new agreement commenced in March 2004.  Negotiations continued throughout

16  April and May without success.  In early June 2004, after the agreement's expiration, bargaining unit

17  employees at the San Jose facility went on strike.  (Am. Compl. ¶ 8.)  Plaintiff alleges that after

18  further negotiations, the parties reached an agreement at 4:00 a.m. on Friday, July 2, 2004 on terms

19  for a new collective bargaining agreement covering the period from May 1, 2004 to April 30, 2008

20  ("New Agreement").  (Am. Compl. ¶ 8.)  In addition, Plaintiff claims that George Netto, Defendant's

21  Business Representative, called to inform Plaintiff that the New Agreement was ratified later that

22  same day by a vote of all the union employees.  (Am. Compl. ¶ 10.)

23      Defendant denies that the New Agreement was ever ratified.  Instead, Defendant asserts that

24  ratification was conditioned on the parties first agreeing on a "Back to Work Agreement."  Plaintiff,

25  on the other hand, alleges that the parties agreed to discuss a "Back to Work Agreement" at a later

26  date, and that any such "Back to Work Agreement" would be subject to the grievance procedure set

27

28                                         2

United States District Court

For the Northern District of California

forth in the New Agreement.  The New Agreement included a no-strike clause and a compulsory grievance and arbitration procedure for the settlement of "any disputes" arising under the agreement. (Am. Compl. ¶ 11.)

On July 5, 2004, Defendant allegedly violated the New Agreement by calling union members and instructing them not to return to work.  (Am. Compl. ¶ 13.)  Plaintiff alleges that Defendant informed Plaintiff that its members would not return to work until Plaintiff executed a "Back to Work Agreement" guaranteeing amnesty for its employees and for employees of Plaintiff's other facilities in three counties covered under separate collective bargaining agreements with different unions.  (Am. Compl. ¶ 13.)  Plaintiff also alleges that Defendant violated the New Agreement by not participating in the compulsory grievance and arbitration provision set forth in the agreement and by engaging in an unlawful strike.  (Am. Compl. ¶¶ 13-14.)  The strike has now ended. However, Plaintiff still seeks damages resulting from the alleged violation of the New Agreement. On July 9, 2004, Plaintiff filed the instant suit against Defendant.

B.    NLRB Proceedings

One day prior to the commencement of this action, Plaintiff filed an NLRB "charge" alleging that Defendant had violated section 8(b)(3) of the National Labor Relations Act, by failing and refusing to bargain collectively and in good faith with an employer.[1]  Thereafter, the Regional Director of the NLRB issued a complaint alleging, in pertinent part, the following:

(a) Commencing in late March 2004, the Employer and Respondent began negotiations for a successor collective bargaining agreement to the Agreement.

(b) On or about July 2, 2004, the Employer and Respondent reached full and complete agreement on the terms and conditions of a successor collective bargaining agreement to the Agreement, herein called the Successor Agreement, which agreement was subject only to Respondent conducting a ratification vote on the Successor Agreement.

---

[1]  Neither party has submitted a copy of the "charge" for the Court's review.

3

United States District Court

For the Northern District of California

1  (c) From on or about July 2 until on or about August 22, 2004, Respondent refused to

2  conduct a ratification vote on the Successor Agreement.

3  (d) During the period described above in paragraph 9(c), Respondent conditioned its

4  conducting of a ratification vote on the Employer's willingness to reach agreement on

5  non-mandatory subjects of bargaining.

6  See ¶9 of the NLRB Complaint at p.4, attached as Ex. C. to Beeson Decl.[2]  Notably, the NLRB

7  complaint was based upon an allegation that Defendant failed to conduct a ratification vote until

8  about August 22, 2004, whereas the instant lawsuit is based upon an allegation that Defendant

9  conducted a ratification vote on July 2, 2004, and thereafter engaged in a strike in violation of the

10  terms of the newly ratified collective bargaining agreement.[3]

11  The NLRB matter proceeded before an Administrative Law Judge ("ALJ") on May 11 and

12  12, 2005.  Plaintiff, as the Charging Party, participated in the proceeding through counsel.  At the

13  outset of the NLRB hearing, however, Plaintiff's counsel stated that Plaintiff would "reserve its

14  right" to litigate the ratification issue in district court.

15  On July 14, 2005, the ALJ issued a decision on behalf of the Board concluding that

16  Defendant violated section 8(b)(3).  See ALJ Decision attached as Ex. E to Beeson Decl.  As a

17  remedy for the alleged violation, the ALJ recommended the issuance of a cease and desist order.  In

18  due course, both Plaintiff and Defendant filed "exceptions" to the ALJ's Decision, which is the

19  administrative equivalent of an appeal.  As of the present time, the NLRB has not acted upon the

20

21  _____

22  [2] Under the NLRA, a "charge" alleging a violation of "unfair labor practices" is filed by a
"Charging Party."  If the Regional Director finds merit in the charge after conducting an
23  investigation, the Regional Director issues a complaint and thereafter controls the case.  The
Charging Party has the right to withdraw the charge, with the Regional Director's consent.  The
24  person filing the charge has the right to participate at the hearing, to call and cross-examine
witnesses and introduce documents or other evidence.  See Rules and Regulations of the NLRB
§§102.8, 102.38 attached as Ex. B to Beeson Decl.

25

26  [3] Plaintiff contends that General Counsel for the NLRB "disagreed with Granite Rock's
theory with respect to exactly how it was that Local 287 violated the National Labor Relations Act."
27  See Plaintiff's Opposition at 4:8-10.  Further, Plaintiff contends that General Counsel for the NLRB
"proceeded to issue a complaint based on its own, separate theory of the case."  Id. at 4:10-11.

28

1    exceptions.

2        Turning to the instant motion for summary judgment, Defendant contends that the question

3    of whether or not Defendant ratified the parties' collective bargaining on July 2, 2004 (the

4    "ratification issue") was raised and actually litigated by Plaintiff in the NLRB proceedings, and was

5    ultimately necessary to the ALJ's decision.  Accordingly, Defendant contends Plaintiff should be

6    precluded from re-litigating the ratification issue in the instant lawsuit.  Plaintiff contends that issue

7    preclusion cannot be applied because (1) at the outset of the hearing before the ALJ, Plaintiff

8    expressly reserved the ratification issue for litigation in this lawsuit; (2) the ratification issue was not

9    litigated in the NLRB proceeding because the General Counsel and Defendant stipulated that a vote

10   was not taken on July 2, 2004; (3) the ratification issue was not necessary to the NLRB's theory of

11   wrongdoing by Defendant; (4) Plaintiff was not in privity with the NLRB; and (5) the NLRB's

12   decision did not address Plaintiff's alternative theories of liability.

13                                 III.  STANDARDS

14       Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and

15   admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

16   material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P.

17   56(c).  The purpose of summary judgment "is to isolate and dispose of factually unsupported claims

18   or defenses."  Celotex v. Catrett, 477 U.S. 317, 323-324 (1986).

19       The moving party "always bears the initial responsibility of informing the district court of the

20   basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to

21   interrogatories, and admissions on file, together with the affidavits, if any' which it believes

22   demonstrate the absence of a genuine issue of material fact." Id. at 323.  If this burden is met, the

23   moving party is then entitled to judgment as a matter of law when the non-moving party fails to

24   make a sufficient showing on an essential element with respect to which the non-moving party bears

25   the burden of proof at trial.  Id. at 322-23.

26       The non-moving party "must set forth specific facts showing that there is a genuine issue for

27

28                                         5

United States District Court

For the Northern District of California

1    trial. " Fed. R. Civ. P. 56(e).  The non-moving party cannot defeat the moving party's properly

2    supported motion for summary judgment simply by alleging some factual dispute between the

3    parties.  To preclude the entry of summary judgment, the non-moving party must bring forth

4    material facts,  i.e., "facts that might affect the outcome of the suit under the governing law  . . .

5    Factual disputes that are irrelevant or unnecessary will not be counted."  Anderson v. Liberty Lobby,

6    Inc., 477 U.S. 242, 247-48 (1986).  The opposing party "must do more than simply show that there

7    is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio,

8    475 U.S. 574, 586 (1986).

9         The court must draw all reasonable inferences in favor of the non-moving party, including

10   questions of credibility and of the weight to be accorded particular evidence.  Masson v. New

11   Yorker Magazine, Inc., 501 U.S. 496, 520 (1991) (citing Anderson, 477 U.S. at 255); Matsushita,

12   475 U.S. at 588; T.W. Elec. Serv. v. Pac. Elec. Contractors, 809 F.2d 626, 630 (9th Cir. 1987).  It is

13   the court's responsibility "to determine whether the 'specific facts' set forth by the nonmoving party,

14   coupled with undisputed background or contextual facts, are such that a rational or reasonable jury

15   might return a verdict in its favor based on that evidence." T.W. Elec. Serv., 808 F.2d at 631.

16   "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is if the

17   evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson,

18   477 U.S. at 248.  However, "[w]here the record taken as a whole could not lead a rational trier of

19   fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at

20   587.

21                                    IV.  DISCUSSION

22        Issue preclusion is a form of res judicata, and is thus intended to give preclusive effect to a

23   former adjudication.  It has been applied to factual determinations made by the NLRB when acting

24   in its judicial capacity.  See Frye v. United Steelworkers of America, 767 F.2d 1216, 1219 (7th Cir.

25   1985).  In general, issue preclusion is appropriate when: (1) the issue at stake is identical to the one

26   alleged in the prior litigation; (2) the issue must have been actually litigated by the party against

27

28                                          6

whom preclusion is asserted; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier litigation.  See McQuillion v. Schwarzenegger, 369 F.3d 1091, 1096 (9th Cir. 2004), quoting Town of N. Bonneville v. Callaway, 10 F.3d 1505, 1508 (9th Cir. 1993).  Issue preclusion applies to not only the party to the prior litigation, but also to those in privity with the party to the prior litigation.  See N.L.R.B. v. Donna-Lee Sportswear Co., Inc., 836 F.2d 31, 34 (1st Cir. 1987).  The application of issue preclusion is left to the discretion of the court.  Robi v. Five Platters, Inc., 838 F.2d 318, 321 (9th Cir. 1988).

Each of Plaintiff's arguments against application of issue preclusion has some merit.  However, the most persuasive argument, and thus the one the Court elects to focus exclusively on herein, is that the second factor, namely actual litigation of the ratification issue by Plaintiff, is not satisfied.  This conclusion is compelled by the following considerations.

On the most elementary level, issue preclusion is inappropriate because the ratification issue was not actually litigated.  Instead, the General Counsel for the NLRB and Defendant stipulated that no ratification had occurred on July 2, 2004.  NLRB's complaint alleged that a ratification vote was not taken on July 2, and Plaintiff represents that Defendant agreed to this allegation in its answer.  Plaintiff's Opposition at 2:6-9.[4]  This stipulation is reflected in the ALJ's decision.  In the portion of the ALJ's decision entitled "Issues," the ALJ states in pertinent part, the following:

> On July 2, 2004, the parties reached agreement on a new contract, subject to ratification.  Ratification of the contract was not held until August 22, 2004.  The collective-bargaining agreement was ratified by the bargaining unit on August 22 and executed by the parties in December 2004.  General Counsel contends that Respondent violated Section 8(b)(3) of the Act by refusing to submit the agreement for ratification from July 2 to August 22 and by conditioning ratification upon Employer agreement to a "back to work" or strike settlement agreement.  Respondent contends that the tentative agreement was not only subject to ratification but also subject to agreement on a back-to-work agreement.  Further, Respondent contends that it could lawfully condition final ratification and acceptance of the collective agreement on reaching full agreement on a back-to-work agreement. . . .

NLRB Decision attached as Ex. E to Beeson Decl.  Generally speaking, when a particular fact is

---

[4]  Neither party has submitted Defendant's answer for the Court's review.  However, Defendant does not dispute Plaintiff's representation of what transpired.

1    established not by judicial resolution but by stipulation of the parties, the fact has not been 'actually

2    litigated' and thus is not a proper candidate for issue preclusion." Otherson v. Dep't of Justice, 711

3    F.2d 267, 274 (D.C. Cir. 1983); see also Sekaquaptewa v. MacDonald, 575 F.2d 239, 247 (9th Cir.

4    1978); U.S. v. Botefuhr, 309 F.3d 1263, 1282 (10th Cir. 2002). Moreover, in the instant case,

5    Granite Rock did not agree with this stipulation, and was not a party to the stipulation. Thus, the

6    ratification simply was not actually litigated in the NLRB proceedings by either General Counsel to

7    the NLRB, Defendant, or Plaintiff.

8            Indeed Plaintiff eschewed litigating the ratification issue. Although Plaintiff initiated the

9    NLRB proceeding by filing a charge and participated in the hearing before the ALJ, Plaintiff made it

10   crystal clear that it explicitly reserved the ratification issue for litigation in this Court. Counsel for

11   Plaintiff stated as follows:

12   > [B]ecause Granite Rock has a pending civil lawsuit against Teamsters Local 287
     > involving, among other things, the specific issue of what occurred at the Union
13   > meeting that you may hear about, on July 2, the company expressly reserves the right
     > to litigate these issues with respect to that Union meeting and whether or not there
14   > was a ratification or not a ratification at that meeting, in the Federal District Court
     > lawsuit . . . .
15
     > And Granite Rock does not consent to be bound for purposes of res judicata,
16   > collateral estoppel, judicial estoppel, or otherwise, to any finding in this case with
     > respect to whether there was a ratification on July 2nd.
17
     > Again, we expressly reserve the right to litigate that issue in Federal District Court.
18
     > And I would like to add that really we believe that that issue is not relevant in this
19   > case for the following reasons. First, General Counsel and the Union agree on this
     > so, therefore, we do not have to agree on this.
20
     > And I've heard – I've yet to hear the Union defend this case by claiming that there
21   > was a ratification on July 2nd. The Union has taken the position throughout that there
     > was not a ratification on July 2nd, and so for purposes of this case it's a nonissue.
22
     > . . . [I]t's also not a relevant issue because regardless of what happened on July 2nd,
23   > the Union says there was no ratification until August 22. So either there was a
     > ratification on July 2nd, and the Union failed to give it effect, or there was no
24   > ratification on July 2nd and the Union failed to ratify it.

25   > In either case, they did this for an impermissible reason and they resumed their strike
     > because, as General Counsel stated, because of the impermissible subject of
26   > bargaining, specifically, resolution of grievances in other bargaining units. So for
     > that additional reason, I don't think that it's a relevant issue and it's certainly not an

27

28                                                    8

issue that Charging Party has to make a contention at.

Decl. of Alan S. Levis, Ex. A at 12:2-9; 12:14-13. To the extent Plaintiff's counsel participated in

the NLRB proceeding at all, that participation was limited to making objections to the relevance of a

July 2nd ratification, and examining witnesses in accordance with General Counsel's theory of the

case.

Furthermore, Plaintiff and General Counsel for the NLRB were not in "privity" for purposes

of issue preclusion. "[T]he privity which can lead to issue preclusion is that relationship between

two parties which is sufficiently close so as to bind them both to an initial determination, at which

only one of them was present." N.L.R.B. v. Donna-Lee Sportswear Co., Inc., 836 F.2d 31, 34-35 (1st

Cir. 1987); see also First Alabama Bank v. Parsons Steel, Inc., 747 F.2d 1367, 1378 (11th Cir. 1984)

("A finding of privity is no more than a finding that all of the facts and circumstances justify a

conclusion that non-party preclusion is proper.").

Defendant makes a general argument that "the interests of the NLRB and a Charging Party in

an unfair labor practice hearing are essentially identical," citing Donna-Lee, supra. Yet, Defendant

also admits that the Donna-Lee case is factually distinguishable, involving a "'reverse' situation not

directly relevant to this case." Defendant's Reply at p.3, n.2. Furthermore, while there are

undoubtedly cases in which the NLRB's and the charging party's interests are aligned, this is not

one of them. In this case, the interests of the NLRB and Plaintiff were similar insofar as they both

believed Defendant had engaged in an unfair labor practice, but clearly not identical. Plaintiff filed

a charge with the NLRB alleging that Defendant was unlawfully "conditioning [the collective

bargaining agreement] on a non-mandatory subject of bargaining." Opposition at 4:2-3. In contrast,

the General Counsel for the NLRB issued a complaint alleging that Defendant violated Section

8(b)(3) of the Act by refusing to submit the collective bargaining agreement for ratification from

July 2 to August 22 and by conditioning ratification upon Employer agreement to a "back to work"

or strike settlement agreement. The differences between Plaintiff's and General Counsel's view of

the NLRB proceeding were not merely academic: General Counsel for the NLRB told Plaintiff's

United States District Court

For the Northern District of California

1    counsel that "if [Plaintiff] interfered with the General Counsel's theory of the unfair labor practice

2    case, the General Counsel would immediately dismiss its complaint against [Defendant]."  Decl. of

3    Alan Levins, ¶2.  Therefore, the Court finds that Plaintiff and the NLRB's relationship was not

4    "sufficiently close" to consider them in privity for purposes of issue preclusion.

5                                        V.  CONCLUSION

6         Because the ratification issue was not actually litigated by Plaintiff or its privity in the NLRB

7    proceeding, Defendant's motion for summary judgment is denied.

8    Dated: February 6, 2006                          /s/James Ware
                                                       JAMES WARE
9    04cv2767issuepreclusion                           United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Adam James Peters apeters@littler.com
Alan Sam Levins alevins@littler.com
Deborah Rice drice@littler.com
Duane B. Beeson dbeeson@beesontayer.com
Gabriel Saul Levine glevine@littler.com
Kimberly Lynn Owens kowens@littler.com
Philip Paturzo ppaturzo@littler.com
Ronald A. Peters rpeters@littler.com


**Dated: February 6, 2006**                          **Richard W. Wieking, Clerk**


                                                     **By:__/s/JW Chambers_____**
                                                        **Melissa Peralta**
                                                        **Courtroom Deputy**

**United States District Court**
For the Northern District of California