**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Granite Rock Company, | NO. C 04-02767 JW |
| Plaintiff(s), | **ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT** |
| v. | |
| International Brotherhood of Teamsters, Freight, Construction, General Drivers, Warehousemen and Helpers, Local 287 (AFL-CIO), | |
| Defendant(s). | |

Plaintiff Granite Rock Company ("Plaintiff") brings this action against Defendant International Brotherhood of Teamsters, Freight, Construction, General Drivers, Warehousemen and Helpers, Local No. 287 ("Defendant" or "Local 287") pursuant to Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a), for disputes arising out of alleged contract violations. Plaintiff alleges that there was a ratified collective bargaining agreement between the parties, and that Defendant violated the agreement by engaging in an unlawful strike.

Presently before the Court is Plaintiff's motion for leave to file an amended complaint. Specifically, Plaintiff seeks leave to add the International Brotherhood of Teamsters (the "IBT") as a defendant. Plaintiff's motion was heard on February 13, 2006. Based upon all papers filed to date and the comments of counsel at the hearing, the motion is granted.

Rule 15(a), Fed.R.Civ.P., provides that leave to amend a complaint "shall be freely given when justice so requires." The Ninth Circuit applies Rule 15 liberally. See DCD Programs, Ltd. v.

Leighton, 833 F.2d 183, 186 (9th Cir. 1987). The four factors used to determine the propriety of a motion for leave to amend are bad faith, undue delay, prejudice to the opposing party, and futility of the amendment. Id. (citations omitted).

Applying the factors above, the Court finds that Plaintiff's motion for leave to amend should be granted. First, there is no evidence of bad faith. Second, there is no evidence of undue delay. Plaintiff filed suit in July of 2004, seeking a temporary restraining order. Subsequently, the Court stayed discovery until September 21, 2005. On January 5, 2006, Plaintiff learned from deposing Rome Aloise, the Administrative Assistant to the General President of the IBT as well as the Secretary-Treasurer of the Teamsters Local 853, that "(1) the IBT provided out-of-work benefits to employees as long as they remained on strike and did not return to work; (2) the IBT reimbursed Mr. Aloise's expenses for travel and paid for one of his cell phones; (3) Mr. Aloise received his assignments directly from the General President of IBT, James Hoffa, and frequently these assignments were made orally; and (4) that Mr. Aloise did not keep track of his time in any formal way, and could not therefore establish that his time working on the Local 287 strike was not paid for by the IBT." Motion, p.5.

Plaintiff also received documents on January 10, 2006, which Plaintiff believed demonstrated that Mr. Aloise led the various unions in the strike of Plaintiff's facilities. More specifically, the documents allegedly showed that: "(1) Mr. Aloise drafted correspondence to Granite Rock employees encouraging the strike to continue; (2) Mr. Aloise directed other local unions to send his correspondence to their members; (3) Mr. Aloise, rather than a representative of Local 287 or the local union that represented particular employees, directly and frequently communicated with Granite Rock employees who Local 853 did not represent . . . ; and (4) Mr. Aloise assisted Local 287 in its negotiations with Granite Rock." Motion, pp.4-5.

Further, on January 18, 2006, Plaintiff deposed Richard Bell, the executive assistant to the general secretary-treasurer for the IBT, who confirmed that the IBT provided out of work benefits to Plaintiff's employees while they were on strike. Motion, p.6. Mr. Bell also disclosed that the IBT had approved strike benefits for Local 287 before the work stoppage even began. Id. He also

2

1  disclosed that "(1) the IBT monitored Local 287 to ensure that members receiving benefits from the
2  IBT were out on strike at least four days per week; (2) the IBT had provided a $1.2 million loan to
3  Local 287, which was outstanding during the strike; (3) the IBT required Local 287 to submit
4  monthly trustee reports outlining its finances; (4) the IBT required Local 287 to be audited annually
5  by a certified public accountant, and that a copy of this audit had to be forwarded to the IBT; and (5)
6  the IBT kept reports that analyzed the financial status of Local 287 and kept reports on Local 287's
7  status." Id.  The instant motion was filed promptly thereafter, on January 30, 2006.

8  Third, adding the IBT will not impose substantial prejudice on Defendant.  There is, however,
9  the possibility of prejudice to IBT if the current trial date of April 11, 2006, is not continued.
10 Plaintiff acknowledges as much, stating that it "is willing to continue the discovery deadline for this
11 lawsuit and/or the trial date to allow all parties to conduct further discovery relating to the IBT's
12 involvement in the wrongdoing asserted in the Complaint."  Motion, p.11.  The Court is prepared to
13 modify the scheduling order in this case to ameliorate any undue prejudice to IBT if IBT makes such
14 a request.  Therefore, the prejudice factor does not weigh heavily in favor or against granting
15 Plaintiff's motion.

16 Lastly, the proposed amendment does not appear to be futile.  The parties generally agree
17 that an international union may be held responsible for the acts of its affiliated locals if there is
18 evidence that (1) the international union has an agency relationship with the local; (2) the
19 international union instigates, ratifies, or encourages illegal activities by the local; or (3) the
20 international union independently participates in the local's illegal conduct.  See e.g. Carbon Fuel
21 Co. v. United Mine Workers of America, 444 U.S. 212, 216 (1979).  Plaintiff's proposed amended
22 complaint appears to contain the requisite allegations to support a claim under at least two of the
23 three theories.  Any argument that the claims against the IBT would be subject to dismissal under
24 Rule 12(b)(6), Fed.R.Civ.P., is premature.

25 Accordingly, Plaintiff's motion for leave to file an amended complaint to add the IBT is
26 granted.  Plaintiff shall file and serve the amended complaint no later than February 17, 2006.
27 Plaintiff shall take reasonable measures to serve the amended complaint and summons on the IBT no
28

3

1 later than March 1, 2006.

2       The Court intends to maintain the April 11, 2006 trial date unless and until a motion to
3 continue is made and granted for good cause shown.  The Court anticipates that the IBT will have
4 little, if any, reason to participate in the trial because the scope of the trial is currently limited to the
5 issue of ratification of the collective bargaining agreement, whereas Plaintiff's claim against the IBT
6 is based upon the IBT's conduct during the allegedly unlawful strike.

8 Dated: Feb. 14, 2006                                      /s/James Ware
04cv2767ibt                                                  JAMES WARE
9                                                         United States District Judge

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Adam James Peters apeters@littler.com
Alan Sam Levins alevins@littler.com
Deborah Rice drice@littler.com
Duane B. Beeson dbeeson@beesontayer.com
Gabriel Saul Levine gsl@sfcounsel.com
Kimberly Lynn Owens kowens@littler.com
Lisa W. Pau lpau@beesontayer.com
Philip Paturzo ppaturzo@littler.com
Ronald A. Peters rpeters@littler.com

**Dated: February 15, 2006**                                         **Richard W. Wieking, Clerk**

                                                  **By:   /s/JW Chambers**
                                                        **Melissa Peralta**
                                                        **Courtroom Deputy**

**United States District Court**
For the Northern District of California