United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Granite Rock Company, | NO. C 04-02767 JW |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |
| International Brotherhood of Teamsters, Freight, Construction, General Drivers, Warehousemen & Helpers, Local 287, et al., | |
| Defendants. | |

Plaintiff Granite Rock alleges that Defendants International Brotherhood of Teamsters, Freight, Construction, General Drivers, Warehousemen & Helpers, Local 287 ("Local") and International Brotherhood of Teamsters ("IBT") violated a collective bargaining agreement. Local and IBT are each commonly known as and doing business as a "labor organization" within the meaning of 29 U.S.C. § 185. Local represents certain Granite Rock employees, and is the collective bargaining representative for employees engaged as drivers at Granite Rock's San Jose, California facility.

Presently before the Court is IBT's Motion to Dismiss. Local does not oppose IBT's motion. (Docket Item No. 157). The Court held a hearing on IBT's Motion on May 22, 2006. Based on the statements of counsel at the hearing and on the papers submitted, IBT's Motion to Dismiss is GRANTED with leave to amend.

Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). A claim may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory." Robertson v. Dean Witter Reynolds, Co., 749 F.2d 530, 534 (9th Cir. 1984). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint. Schneider v. California Dept. of Corrections, 151 F.3d 1194, 1197 (9th Cir. 1998) ("The focus of any Rule 12(b)(6) dismissal...is the complaint.")

In the SAC, Granite Rock alleges that there was a ratified collective bargaining agreement between Local and Granite Rock and that Local violated the agreement by engaging in an unlawful strike. Granite Rock further alleges that IBT is also liable for damages caused by the strike because IBT and Local were "in an agency relationship." SAC ¶ 18. IBT contends that it cannot be held liable for breach of the Agreement because Granite Rock has not alleged that it was a party to the Agreement.

At oral argument, counsel for Granite Rock explained that IBT should be viewed as a party to the Agreement because IBT and Local were in an agency relationship where IBT was an undisclosed principal that authorized Local to enter into the Agreement on IBT's behalf, and that IBT authorized Local to ratify the Agreement on IBT's behalf. To the extent that Granite Rock intended to allege these facts in the SAC, the SAC's single statement that IBT and Local "were in an agency relationship at all times hereto in which the IBT exerted actual control over Local 287" is insufficient even under the liberal requirements of Fed. R. Civ. Pro. 8. The Court dismisses the IBT from the SAC but grants Granite Rock leave to amend the allegations in the SAC to support its

2

theory of the case as stated at the hearing. The Court declines to address, at this time, the question of whether a claim for tortious interference alone would state a claim under 29 U.S.C. 185.

Dated: May 23, 2006

04cv2767ibt_mtd

/s/James Ware
JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Adam James Peters apeters@littler.com
Alan Sam Levins alevins@littler.com
Duane B. Beeson dbeeson@beesontayer.com
Kimberly Lynn Owens kowens@littler.com
Lisa W. Pau lpau@beesontayer.com
Peter D. Nussbaum pnussbaum@altshulerberzon.com
Rebekah B. Evenson revenson@altshulerberzon.com

Leah Ford
25 Louisiana Avenue, N.W.
Washington, DC 20001

**Dated: May 23, 2006**                                    **Richard W. Wieking, Clerk**

**By:_/s/ JW Chambers_____**
    **Melissa Peralta**
    **Courtroom Deputy**

United States District Court
For the Northern District of California