IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GRANITE ROCK COMPANY, | NO. C 04-2767 JW (RS) |
| Plaintiff, | **ORDER RE MOTION TO COMPEL PAYMENT OF EXPERT WITNESS FEES** |
| v. | |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, et al., | |
| Defendants. | |

## I. INTRODUCTION

Defendant Teamsters Local 287 seeks an order under Rule 26 (b)(4)(C) of the Federal Rules of Civil Procedure compelling plaintiff Granite Rock to pay an invoice submitted by Local 287's expert, Donald H. Wollet, for time and costs he allegedly incurred in responding to discovery. Granite Rock acknowledges its obligation to pay Wollet "a reasonable fee," but contends Wollet's billing is unreasonable and includes items not properly claimed under Rule 26 (b)(4)(C). The Court finds this matter suitable for disposition without oral argument, pursuant to Civil Local Rule 7-1 (b). For the reasons set out below, Granite Rock will be ordered to pay Wollet the sum of $2200.

## II. BACKGROUND

Local 287 disclosed Wollet as an expert witness. Wollet resides in Clinton, Washington, a suburb of Seattle. Granite Rock noticed Wollet's deposition to be held at its counsel's offices in San Francisco. Wollet asserts that he made a request to Local 287's counsel that the deposition be held

in Seattle (where Granite Rock's counsel also has offices) but was told that the Granite Rock's counsel had "decided" that the deposition would go forward in San Francisco. Counsel for Granite Rock denies ever receiving a request that the deposition be held in Seattle.

The deposition lasted just over three and a quarter hours, including breaks. Wollet initially submitted an invoice to Granite Rock claiming 11.5 hours of time incurred in "preparation of my written report, testimonial time, and document production" and in round trip travel between Seattle and San Francisco. At $400 per hour, the invoice sought $4600 plus $2657.58 in unspecified "costs," for a total of $7257.58.

Wollet subsequently submitted a revised invoice to eliminate any claims for costs incurred by his assistant, who had traveled with him to the deposition. The cost component of the invoice, therefore, declined to $ 847.58.[1] The revised invoice described the fee claim as covering "preparation, testimonial time, and document production" as well as travel time. In addition to the 11.5 hours originally claimed, the revised invoice sought 3.3 hours for "testimony" and 6 hours of "travel time." By his reply declaration in these proceedings, Wollet explains that he inadvertently failed to include time spent at the deposition on his original invoice. Wollet does not explain why the original invoice expressly stated that the claimed 11.5 hours "also covers travel time" but the revised invoice lists an *additional* 6 hours of such time.

The revised invoice charges a $400 hourly rate only for time incurred in giving testimony, and claims $300 per hour for all other time. The total sought by the second invoice, and apparently by this motion, is $7417.58.[2]

---

[1] The terminal $7.58 in this figure comes from the component labeled "air travel"; all other items are round numbers. The original cost figure also ended in $7.58. It is curious that the omitted costs attributable to Wollet's assistant totaled a round number, given that they presumably also included air travel.

[2] In correspondence preceding the bringing of this motion, counsel for Local 287 represented that travel expenses would not be sought because if Granite Rock paid such expenses it could then recover them as the prevailing party in this action. Local 287 appears to have retreated from that position and now wants the invoice paid in full.

2

III. DISCUSSION

"In determining whether a fee request pursuant to Rule 26(b)(4)(C) is reasonable, courts consider seven criteria: (1) the witness's area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee actually charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to assist the court in balancing the interest[s] implicated by Rule 26." *Fisher-Price, Inc. v. Safety 1st, Inc.*, 217 F.R.D. 329, 333 (D.Del. 2003). "'Ultimately,' however, 'it is in the court's discretion to set an amount that it deems reasonable.'" *Fisher-Price*, 217 F.R.D at 333 (quoting *Fleming v. U.S.*, 205 F.R.D. 188, 190 (W.D.Va. 2000)).

Many of these factors pertain in part or in whole to the reasonableness of the *hourly rate* claimed by the expert. In this case, Wollet seeks to recover $400 per hour for testimony and $300 per hour for other tasks. Although Granite Rock makes some effort to argue that Wollet should only recover $125 per hour given evidence that he sometimes charges a flat $1000 per diem fee, the real dispute in this case is not the reasonableness of Wollet's rate but the number of hours claimed. While a better evidentiary record on some of the factors identified in *Fisher-Price* would have been helpful, the Court concludes that the two fee rates claimed by Wollet are reasonable under all the circumstances here.

Granite Rock's contention that Wollet may not recover for any time other than that spend in actual deposition is unpersuasive. To be sure, Local 287 is not entitled to have Granite Rock pay for time Wollet spent in preparing to assist Local 287 at trial. See *Rhee v. Witco Chem. Corp.* 126 F.R.D. 45, 47 (N.D. Ill. 1989) ("One party need not pay for the other's trial preparation.") Wollet has adequately shown, however, that responding to Granite Rock's document request made in connection with the deposition required him to expend time searching for and collecting materials

3

beyond the work necessary for him to reach his opinions and to prepare for testifying at trial.

That said, the record does not permit a conclusion that it was reasonable for Wollet to spend 11.5 hours engaged in such tasks. To begin with, the 11.5 hours was originally described as including time Wollet spent preparing his written report–any such time would be part of Local 287's trial preparation costs, not properly shifted to Granite Rock under the guise of Rule 26 (b)(4)(C). Although the second invoice omits that item from the description of how the 11.5 hours was spent, the only reasonable inference is that a substantial portion of that time related to tasks other than those made necessary solely by Granite Rock's discovery requests.[3] In its discretion, the Court finds that under all the circumstances here, Wollet is entitled to recover for 3.25 hours of deposition time at $400 hour and an additional 3 hours of preparation time at $300 hour. The claim for travel time and costs is denied.

## IV. CONCLUSION

Within 10 days of the date of this order, Granite Rock shall tender to Donald H. Wollet the sum of $2200 in full satisfaction of its obligations under Rule 26 (b)(4)(C) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: 3/3/08

RICHARD SEEBORG
United States Magistrate Judge

---

[3] As noted above, there is also the uncertainty arising from the fact that the 11.5 hour originally included travel time, but a separate six hours of travel time was subsequently claimed.

C 04-2767 JW (RS)

4

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

Duane B. Beeson     dbeeson@beesontayer.com, eaviva@beesontayer.com

Rebekah B. Evenson     revenson@altshulerberzon.com, smendez@altshulerberzon.com

Alan Sam Levins     alevins@littler.com, RYee@littler.com

Peter David Nussbaum     pnussbaum@altshulerberzon.com, dloranger@altshulerberzon.com

Kimberly Lynn Owens     kowens@littler.com, LLew@littler.com

Lisa Win-Ning Pau     lpau@beesontayer.com, efuentes@beesontayer.com, kbecraft@beesontayer.com

Adam James Peters     apeters@littler.com, alevins@littler.com, lpeterson@littler.com

Peder J. Thoreen     pthoreen@altshulerberzon.com, lbailey@altshulerberzon.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 3/3/08**                                                              **Richard W. Wieking, Clerk**

                                                                               **By:     Chambers**

C 04-2767 JW (RS)

5