**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7              IN THE UNITED STATES DISTRICT COURT

8             FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                        SAN JOSE DIVISION

10   Granite Rock Co.,                    NO. C 04-02767 JW

11              Plaintiff,                **ORDER SUSTAINING IN PART AND**
                                          **OVERRULING IN PART PLAINTIFF**
12        v.                              **GRANITE ROCK COMPANY'S**
                                          **OBJECTIONS TO DEFENDANT**
13   Teamsters Local 287 Int'l Brotherhood, et al.,   **TEAMSTERS LOCAL 287'S BILL OF**
                                          **COSTS**
14              Defendants.
                                    /

15          Presently before the Court is Plaintiff Granite Rock Company's Objections to Defendant

16   Local 287's Bill of Costs.  (hereafter, "Motion," Docket Item No. 389.)

17          On February 16, 2007, the Court denied Defendant International Brotherhood of Teamsters

18   Local 287's ("Local 287") motion to compel arbitration.  (See Docket Item No. 230.)  On June 18,

19   2007, Local 287 filed a notice of appeal of this issue to the Ninth Circuit.

20          The Ninth Circuit reversed the Court's denial of Defendant Local 287's motion to compel

21   arbitration and remanded with instructions to compel arbitration on the entire dispute between

22   Granite Rock and Local 287.  See Granite Rock Co. v. Int'l Bhd. of Teamsters, Local 287, 546 F.3d

23   1169 (9th Cir. 2008).  Based on this ruling, and pursuant Federal Rule of Appellate Procedure 39,

24   Defendant Local 287 submitted a bill of costs to Plaintiff, to which Plaintiff presently objects.

25          Federal Rule of Appellate Procedure 39 provides that "if a judgment is reversed, costs are

26   taxed against the appellee." Fed. R. App. P. 39(a)(3).  A party who wants costs taxed must file an

27   itemized and verified bill of costs with the circuit clerk within fourteen days after entry of judgment,

28   and objections must be filed within ten days after service of the bill of costs.  Id. at 39(d)(1)-(2).

1    Only four types of costs are allowed under Rule 39: (1) the preparation and transmission of the

2    record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a

3    supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the

4    notice of appeal.  Id. at 39(e)(1)-(4).  While the general rule on the taxation of costs is that the

5    district court has discretion to fix the costs, that discretion is necessarily restricted by the Federal

6    Rule of Appellate Procedure governing costs on appeal.  See Johnson v. Pac. Lighting Land Co., 878

7    F.2d 297, 298 (9th Cir. 1989).

8         Plaintiff timely objects to five items of costs claimed in Defendant Local 287's bill of costs:

9    (1) $220 for fees for service of summons and subpoenas; (2) $3,0188.88 for fees for transcripts; (3)

10   $680 for fees for witnesses; (4) $152.40 for exemplification and copies; and (5) $713.59 for costs as

11   shown on the Mandate of the Court of Appeals.  (Motion at 1-2.)  The Court addresses each of these

12   items in turn.

13        The Court finds that the following costs are not taxable under Federal Rule of Appellate

14   Procedure 39(e): $220 for fees for service of summons and subpoenas, $680 for fees for witnesses,

15   and $152.40 for exemplification and copies.  See Fed. R. App. P. 39(e).  Accordingly, the Court

16   SUSTAINS Plaintiff's objections to Local 287's tax of these costs.

17        With respect to the Mandate of the Court of Appeals, the rule that the mandate of a higher

18   court is "controlling as to matters within its compass" is a firmly established legal doctrine.  Sprague

19   v. Ticonic Nat'l Bank, 307 U.S. 161, 168 (1939).  This rule of mandate requires a district court on

20   remand to follow the mandate of a court of appeals.  McQuillion v. Duncan, 253 F. Supp. 2d 1131,

21   1134 (C.D. Cal. 2003).  Thus, the Court OVERRULES Plaintiff's objections to Local 287's costs as

22   shown on the Mandate of the Court of Appeals.

23        With respect to the $3,0188.88 cost taxed for transcripts, the Court SUSTAINS Plaintiff's

24   objections to this item as an item of costs to be taxed, without prejudice to the right of Local 287's to

25   make a proper showing before the Court that the reporter's transcripts were necessary to determine

26

27

28                                                          2

United States District Court
For the Northern District of California

the appeal.  See Volkswagenwerk Aktiengesellschaft v. Church, 413 F.2d 1126, 1128 (9th Cir. 1969).

Dated: March 13, 2009

_____

JAMES WARE
United States District Judge

United States District Court

For the Northern District of California

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Adam James Peters apeters@littler.com
Alan Sam Levins alevins@littler.com
Duane B. Beeson dbeeson@beesontayer.com
Kimberly Lynn Owens kowens@littler.com
Lisa Win-Ning Pau lpau@beesontayer.com
Peder J. Thoreen pthoreen@altshulerberzon.com
Peter David Nussbaum pnussbaum@altshulerberzon.com
Rebekah B. Evenson revenson@altshulerberzon.com

**Dated: March 13, 2009**                         **Richard W. Wieking, Clerk**


                                                  **By:   /s/ JW Chambers**
                                                  **Elizabeth Garcia**
                                                  **Courtroom Deputy**