IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Granite Rock Co., | NO. C 04-02767 JW |
| Plaintiff, | **ORDER GRANTING DEFENDANT INTERNATIONAL BROTHERHOOD OF TEAMSTERS' MOTION FOR A TERMINATING ORDER** |
| v. | |
| Teamsters Local 287, et al., | |
| Defendants. | |

## I. INTRODUCTION

Granite Rock Company ("Plaintiff") brought this action against Defendants,[1] alleging breach of a collective bargaining agreement in violation of the Labor Relations Management Act, 29 U.S.C. § 185(a) (the "LMRA"). Defendant Local is the collective bargaining agent for certain of Plaintiff's employees. Plaintiff alleged that Defendant Local violated a collective bargaining agreement by engaging in an unlawful strike, and that Defendant IBT unlawfully induced the strike.

Presently before the Court is Defendant IBT's Motion for a Terminating Order.[2] The Court conducted a hearing on December 12, 2011. Based on the papers submitted to date and oral argument, the Court GRANTS Defendant IBT's Motion.

---

[1] Defendants are International Brotherhood of Teamsters, Freight, Construction, General Drivers, Warehousemen and Helpers, Local No. 287 ("Local"), and International Brotherhood of Teamsters ("IBT").

[2] (International Brotherhood of Teamsters' Motion for Terminating Order or Other Appropriate Relief, hereafter, "Motion," Docket Item No. 429.)

## II. BACKGROUND

A detailed description of the factual allegations in this case can be found in the Court's October 5, 2006 Order Granting Defendant IBT's Motion to Dismiss.[3] The Court reviews the procedural history as relevant to Defendant's Motion.

On July 9, 2004, Plaintiff filed its initial Complaint. (See Docket Item No. 1.) This Complaint named only Local as a Defendant, and alleged that Local entered into a collective bargaining agreement with Plaintiff, and then breached that agreement by going on an unlawful strike. (See id. ¶¶ 8-13.)

On July 23, 2004, Plaintiff filed a First Amended Complaint.[4] The First Amended Complaint again did not name IBT as a Defendant. (Id. ¶ 3.) The First Amended Complaint alleged that Local was engaged in an unlawful strike in violation of its collective bargaining agreement with Plaintiff, and sought a temporary restraining order ending the strike. (Id. at 6.) Trial for Plaintiff's claim against Defendant Local was scheduled to begin in April of 2006. (See Docket Item No. 82.)

On January 30, 2006, Plaintiff filed a Motion for Leave to File an Amended Complaint. (See Docket Item No. 99.) Plaintiff sought leave to amend its Complaint to add IBT as a defendant on the ground that "[Plaintiff] recently obtained evidence that is likely to prove that, during the relevant time period, an agency relationship existed between the IBT and Defendant Teamsters Local 287." (Id. at 2.) On February 15, 2006, the Court granted Plaintiff's Motion. (See Docket Item No. 108.)

On February 17, 2006, Plaintiff filed a Second Amended Complaint.[5] The Second Amended Complaint named IBT as a Defendant, and alleged that Defendant IBT was jointly and severally liable for all damage caused by the unlawful strike because Defendant IBT and Defendant Local were "in an agency relationship." (Id. ¶ 18.)

---

[3] (See Order Granting Defendant International Brotherhood of Teamsters' Motion to Dismiss with Prejudice at 2-3, hereafter, "October 5 Order," Docket Item No. 192.)

[4] (First Amended Complaint for Injunctive Relief and Damages, hereafter, "FAC," Docket Item No. 5.)

[5] (See Second Amended Complaint for Damages and Injunctive Relief, hereafter, "SAC," Docket Item No. 110.)

2

On April 7, 2006, Defendant IBT moved to dismiss Plaintiff's Second Amended Complaint. (See Docket Item No. 146.) Defendant IBT contended that "[t]he Second Amended Complaint fails to state a claim against the [IBT] because it contains a single claim for relief for breach of contract, but does not allege that the [IBT] is a party to, or is otherwise bound by, the contract between [Plaintiff] and Defendant [Local]. Accordingly, the [IBT] cannot be liable for breach of that contract pursuant to Section 301 of the Labor-Management Relations Act." (Id. at 2.)

On May 23, 2006, the Court granted Defendant IBT's Motion to Dismiss, but gave Plaintiff leave to amend its Second Amended Complaint.[6] In granting Plaintiff leave to amend, the Court stated:

> [a]t oral argument, counsel for Granite Rock explained that IBT should be viewed as a party to the Agreement because IBT and Local were in an agency relationship where IBT was an undisclosed principal that authorized Local to enter into the Agreement on IBT's behalf, and that IBT authorized Local to ratify the Agreement on IBT's behalf. To the extent that Granite Rock intended to allege these facts in the [Second Amended Complaint], the [Second Amended Complaint's] single statement that IBT and Local "were in an agency relationship at all times hereto in which the IBT exerted actual control over Local 287" is insufficient under even the liberal requirements of Fed. R. Civ. P. 8. The Court dismisses the IBT from the [Second Amended Complaint] but grants Granite Rock leave to amend the allegations in the [Second Amended Complaint] to support its theory of the case as stated at the hearing. The Court declines to address, at this time, the question of whether a claim for tortious interference alone would state a claim under 29 U.S.C. § 185.[7] (Id. at 2-3.)

On June 8, 2006, Plaintiff filed its Third Amended Complaint.[8] The Third Amended Complaint stated two causes of action: (1) a Breach of Contract claim against Local; and (2) a claim for "Interference/Inducement of Breach of Contract Against Defendant IBT." (Id. at 9.) Defendant IBT moved again to dismiss, contending that a tort claim for inducement or interference with contract is not cognizable under the LMRA. (See Docket Item No. 169 at 5.) On October 5, 2006, the Court granted Defendant IBT's Motion, holding that "a suit for tortious interference with

---

[6] (See Order Granting Motion to Dismiss with Leave to Amend, hereafter, "May 23 Order," Docket Item No. 162.)

[7] (For the transcript of the oral argument referenced in the May 23 Order, see Declaration of Alan S. Levins Submitted in Support of Granite Rock Co.'s Opposition to Defendant IBT's Motion for Terminating Order or Other Appropriate Relief, hereafter, "Levins Decl.," Ex. J, Transcript of May 22 Motion Proceedings, Docket Item No. 435-2.)

[8] (Third Amended Complaint for Damages, hereafter, "TAC," Docket Item No. 164.)

3

contract does not lie" under the LMRA. (See October 5 Order at 8.) Accordingly, the Court dismissed Plaintiff's Second Cause of Action with prejudice. (Id.) Because the Court had dismissed the only cause of action against Defendant IBT, the Court also issued an interlocutory judgment in favor of Defendant IBT against Plaintiff. (See Docket Item No. 194.)

On October 23, 2006, Plaintiff moved to certify the dismissal of the complaint against Defendant IBT as a final order pursuant to Federal Rule of Civil Procedure 54(b).[9] On December 13, 2006, over Defendant IBT's opposition,[10] the Court granted Plaintiff's Motion and certified the judgment in favor of IBT as a final judgment. (See Docket Item No. 212.)

On December 28, 2006, Plaintiff filed a notice of appeal. (See Docket Item No. 218.) On October 22, 2008, the Ninth Circuit Court of Appeals affirmed the dismissal of Plaintiff's Complaint against Defendant IBT, concluding that a claim for tortious interference with contract does not arise under the LMRA. See Granite Rock Co. v. Int'l Bhd. of Teamsters, 546 F.3d 1169, 1172-76 (9th Cir. 2008).

On June 29, 2009, the United States Supreme Court granted Plaintiff's Petition for a writ of certiorari. See 129 S. Ct. 2865 (2009). On June 24, 2010, the Supreme Court affirmed the dismissal of Plaintiff's Complaint against Defendant IBT.[11] In so doing, the Court concluded that the Court of Appeals had been correct to decline to recognize a cause of action for tortious interference with contract under the LMRA. Id. at 2853.

On November 8, 2010, the Ninth Circuit granted the parties leave to file supplemental briefs addressing what further proceedings, if any, were required on remand consistent with the Supreme

---

[9] (Plaintiff's Motion for Certification under F.R.C.P. 54(b) or, in the Alternative, 28 U.S.C. § 1292(b) of the Court's October 5, 2006 Order Granting Defendant International Brotherhood of Teamsters' Motion to Dismiss with Prejudice, hereafter, "Certification Motion," Docket Item No. 196.)

[10] (See Docket Item No. 209.)

[11] See Granite Rock Co. v. Int'l Bhd. of Teamsters, 130 S. Ct. 2847, 2866 (2010).

4

Court's opinion.[12] The parties declined to submit supplemental briefing and the Ninth Circuit, in turn, remanded the case to this Court for proceedings consistent with the Supreme Court's Order. (See Docket Item No. 412.)

Presently before the Court is Defendant IBT's Motion for Terminating Order.

## III.  DISCUSSION

Defendant IBT moves for an order terminating this action as to it and entering a final judgment in its favor on the grounds that: (1) having previously represented that it was asserting only a tortious interference claim against Defendant IBT, Plaintiff is judicially estopped from now reviving its breach of contract claim; and (2) Plaintiff waived all agency or alter-ego based causes of action against Defendant IBT when it failed to plead them in the Third Amended Complaint, leaving no causes of action left to litigate. (Motion at 4, 9.) Plaintiff responds that: (1) judicial estoppel does not apply because the position now taken by Plaintiff is not directly contradictory to its earlier position; and (2) Plaintiff did not waive its breach of contract claim because it pleaded facts sufficient to support such a claim in the Third Amended Complaint, even if it did not name a breach of contract cause of action.[13] The Court considers each ground for terminating this litigation as to Defendant IBT in turn.

**A.  Judicial Estoppel**

At issue is whether Plaintiff is judicially estopped from asserting a breach of contract claim against Defendant IBT.

"Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." Rissetto v. Plumbers and Steamfitters Local 343, 94 F.3d 597, 600 (9th Cir. 1996) (citations omitted). "Judicial estoppel is an equitable doctrine

---

[12] (See United States Court of Appeals for the Ninth Circuit Order at 1, hereafter, "Remand Order," Docket Item No. 410.)

[13] (Granite Rock Co.'s Opposition to Defendant IBT's Motion for Terminating Order or Other Appropriate Relief at 1-2, hereafter, "Opp'n," Docket Item No. 434.)

5

that is intended to protect the integrity of the judicial process by preventing a litigant from playing fast and loose with the courts." Wagner v. Prof'l Eng'rs. in Cal. Gov't., 354 F.3d 1036, 1044 (9th Cir. 2004) (quotation and citation omitted). "Judicial estoppel applies to a party's stated position whether it is an expression of intention, a statement of fact, or a legal assertion." Id. If inconsistent positions are "based not on chicanery, but only on inadvertence or mistake, judicial estoppel does not apply." Johnson v. State of Or., 141 F.3d 1361, 1369 (9th Cir. 1998) (citation omitted).

Here, when the Court dismissed Plaintiff's Third Amended Complaint against Defendant IBT, Plaintiff moved for certification of that Order as a final judgment under Federal Rule of Civil Procedure 54(b). (See Certification Motion at 1.) In so doing, Plaintiff stated "[t]he Order adjudicated Plaintiff's sole claim against the IBT and resulted in dismissal of the IBT from this action." (Id.) Plaintiff went on to contend that "[t]he basis for the Order was the Court's finding that 'a claim for tortious interference with contract does not lie under LMRA Section 301(a),'" and that "this legal issue. . . is completely distinct from the remaining issues before the Court." (Id. at 1-2.) Further, Plaintiff stated that "[t]he Order not only resolved an entire claim, but also adjudicated Granite Rock's *sole* claim against the IBT." (Id. at 3 (emphasis added).) In support of its contention that its claims against Defendant IBT were severable from those remaining before the Court, Plaintiff contended that is was "alleging *not* that the IBT breached a contract, but that it engaged in acts that were intended to induce, support, and encourage a strike that breached the collective bargaining agreement between Granite Rock and Local 287." (Id. at 5 (emphasis added).) Plaintiff also stated unequivocally that "[n]o claims against the IBT remain in this action." (Id. at 2.)

Upon review, the Court finds that in light of these statements, Plaintiff is judicially estopped from contending that the Third Amended Complaint stated a breach of contract claim against Defendant IBT. If the Third Amended Complaint had stated a breach of contract claim against Defendant, and the Court had nonetheless dismissed Defendant IBT from the action based solely on the conclusion that a claim for tortious interference is not cognizable under the LMRA, then Plaintiff should have moved the Court for reconsideration, not certification of a final judgment. Instead, while recognizing that the basis for the Court's ruling was its conclusion that "a claim for tortious

6

interference with contract does not lie under LMRA Section 301(a)," Plaintiff specifically contended that the Court "adjudicated Granite Rock's sole claim against the IBT." (Certification Motion at 2-3.) This is plainly inconsistent with Plaintiff's current contention that it maintained other causes of action against Defendant IBT. Having asked the Court to certify a final judgment based on its representation that the Court had adjudicated its sole claim against Defendant IBT, and having prevailed on that Motion over Defendant's objection, Plaintiff may not now contend that it maintained additional claims against Defendant throughout this litigation. Thus, the Court finds that Plaintiff is judicially estopped from asserting a breach of contract claim against Defendant IBT.

Accordingly, the Court GRANTS Defendant IBT's Motion for a Terminating Order on the ground of judicial estoppel.

**B.** <u>**Waiver**</u>

In the alternative, Defendant IBT contends that Plaintiff waived its breach of contract claim against Defendant IBT by failing to assert a cause of action for breach of contract in its Third Amended Complaint. (Motion at 4.)

As an initial matter, in addressing Defendant's waiver argument, the Court must decide whether the question of waiver is properly before it. Plaintiff contends that the question of waiver was decided by the Supreme Court, and that to hold that Plaintiff waived its breach of contract claim would directly contradict a Supreme Court mandate. (Opp'n at 10-11.) In particular, Plaintiff contends that the Supreme Court decided the issue of waiver in the following footnote to its opinion:

> Although the parties concede the general availability of [a breach of contract] claim against IBT, they dispute whether Granite Rock abandoned its agency or alter ego allegations in the course of this litigation. Granite Rock concedes that it has abandoned its claim that IBT acted as Local's undisclosed principal in orchestrating the ratification response to the July 2, 2004, CBA. But Granite Rock insists that it preserved its argument that Local served as IBT's agent or alter ego when Local denied ratification and engaged in unauthorized strike activity in July 2004. Nothing in the record before us unequivocally refutes this assertion. Accordingly, nothing in this opinion forecloses the parties from litigating these claims on remand. <u>Granite Rock</u>, 130 S. Ct. at 2863 n.15 (citations omitted).

Thus, the threshold question before the Court is whether this statement by the Supreme Court constitutes a holding that Plaintiff had not waived its breach of contract claim, or merely indicates that the issue of waiver was not sufficiently clear to be decided by the Supreme Court at that time.

7

In making this determination, the Court must look not only to the opinion of the Supreme Court, but also to the statements of the Ninth Circuit on remand. In allowing the parties to file supplemental briefing in response to the Supreme Court's mandate, the Ninth Circuit directed that "[t]he parties are not to address the issue of whether 'Granite Rock abandoned its agency or alter ego allegations in the course of this litigation.' This issue will be remanded to the district court." (See Remand Order at 1-2 (citations omitted).)

Upon review, the Court finds that in remanding the "issue" of whether Plaintiff waived its agency or alter ego allegations to the district court, the Ninth Circuit directed that the issue was one to be determined by this Court. Accordingly, the Court finds that the question of whether Plaintiff waived any breach of contract claim was not decided by the Supreme Court's opinion, and is thus properly before the Court. The Court proceeds to determine whether Plaintiff waived its breach of contract claim against Defendant IBT.

"It has long been the rule in this circuit that a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) (citation omitted). Accordingly, "[a] plaintiff waives all claims dismissed with leave to amend by failing to reallege those claims in [its] amended complaint." Parrino v. FHP, Inc., 146 F.3d 699, 704 (9th Cir. 1998) (citation omitted) (superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006)).

Here, the Court dismissed Plaintiff's breach of contract claim against Defendant IBT as stated in the Second Amended Complaint with leave to amend. (See May 22 Order at 2-3.) In Plaintiff's Third Amended Complaint, however, Plaintiff stated a breach of contract claim only against Defendant Local, and stated only an "Interference/Inducement of Breach of Contract" claim against Defendant IBT. (See TAC at 9.) Thus, under the clear rule stated in London and Parrino, Plaintiff's breach of contract claim was waived as a matter of law when Plaintiff failed to replead the claim after being given leave to do so.

8

Plaintiff contends that the Third Amended Complaint preserved its breach of contract claim because it alleges facts sufficient to support such a claim, and so the failure to name "Breach of Contract" as a basis for relief does not constitute waiver. (Opp'n at 17-18.) The Court finds, however, that this argument is precluded by London. In London, the Ninth Circuit found that a plaintiff had waived her cause of action for race and sex discrimination action under Title VII by "failing to allege [the relevant statutory section] as a ground for relief" in her amended complaint.[14] Thus, even though the amended complaint did allege both race and sex discrimination in support of the plaintiff's other civil rights claims,[15] the court nonetheless held that the Title VII action was waived because Title VII had not been pleaded as a basis of relief, after the plaintiff had been granted leave to amend that claim. See id. at 814. Here too, even assuming that Plaintiff's Third Amended Complaint states facts sufficient to support a breach of contract claim against Defendant IBT, the failure to plead breach of contract as a cause of action after being given leave to amend waived any breach of contract claim.

Accordingly, the Court finds that Plaintiff waived any breach of contract claim it could have asserted against Defendant IBT by failing to plead such a cause of action in its Third Amended Complaint.

## IV. CONCLUSION

The Court GRANTS Defendant's Motion for an Order terminating this litigation as to Defendant IBT.

Dated: December 14, 2011

JAMES WARE
United States District Chief Judge

---

[14] 644 F.2d at 814.

[15] Id. at 817 n.2, 819 n.4.

9

**United States District Court**
For the Northern District of California

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Adam James Peters apeters@littler.com
Alan Sam Levins alevins@littler.com
Duane B. Beeson dbeeson@beesontayer.com
Garry George Mathiason gmathiason@littler.com
Kimberly Lynn Owens kowens@winlaw.com
Lisa Win-Ning Pau lpau@beesontayer.com
Peder J. Thoreen pthoreen@altshulerberzon.com
Peter David Nussbaum pnussbaum@altshulerberzon.com
Rachelle Lee Wills rwills@littler.com
Rebekah B. Evenson revenson@altshulerberzon.com
Robert Bonsall rbonsall@beesontayer.com
Shannon Marie Gibson sgibson@littler.com

Dated:  December 14, 2011                     **Richard W. Wieking, Clerk**

                                              **By:     /s/ JW Chambers                 **
                                                       **Susan Imbriani**
                                                       **Courtroom Deputy**