IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Granite Rock Co., | NO. C 04-02767 JW |
| Plaintiff, | **ORDER DENYING DEFENDANT INTERNATIONAL BROTHERHOOD OF TEAMSTERS' MOTION FOR FEES** |
| v. | |
| Teamsters Local 287, et al., | |
| Defendants. | |

Presently before the Court is Defendant International Brotherhood of Teamsters' ("IBT") Motion for Attorney Fees.[1] The Court finds it appropriate to take the Motion under submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court DENIES Defendant IBT's Motion.

**A.** **Background**

A detailed description of the factual allegations in this case can be found in the Court's October 5, 2006 Order Granting Defendant IBT's Motion to Dismiss.[2] A detailed review of the procedural history can be found in the Court's December 14, 2011 Order Granting Defendant IBT's

---

[1] (International Brotherhood of Teamsters' Notice of Motion and Motion for Attorneys' Fees and Expenses; Memorandum of Points and Authorities, hereafter, "Motion," Docket Item No. 452.)

[2] (See Order Granting Defendant International Brotherhood of Teamsters' Motion to Dismiss with Prejudice at 2-3, hereafter, "October 5 Order," Docket Item No. 192.)

1 Motion for a Terminating Order.[3] The Court reviews additional procedural history as is relevant to
2 Defendant IBT's Motion.

3 On November 7, 2011, Defendant IBT moved for a terminating order, asking the Court to
4 find that Plaintiff abandoned any contract-based claims against IBT and that no causes of action
5 remained to be litigated against it.[4] Defendant IBT contended both that Plaintiff had waived any
6 breach of contract claim by not pleading it in the Third Amended Complaint, and that Plaintiff was
7 judicially estopped from asserting such a claim in light of its prior representation to the Court that
8 the Court had adjudicated all claims against Defendant IBT. (Id. at 4-10.) Plaintiff opposed the
9 Motion, contending that the Supreme Court had already decided the issue of waiver in its favor, and
10 that even if the issue remained open, the Third Amended Complaint adequately stated a cause of
11 action for breach of contract against Defendant IBT.[5] Plaintiff further contended that judicial
12 estoppel did not bar its claim because the statements previously made to the Court were not entirely
13 inconsistent with the maintenance of a breach of contract claim. (Id. at 20-23.)

14 On December 14, 2011, the Court granted Defendant IBT's Motion for a Terminating
15 Order.[6] The Court found, as a threshold matter, that the Supreme Court had not decided the issue of
16 waiver in Plaintiff's favor, and that the issue remained open before the Court. (Id. at 7-8.)
17 Considering the issue of waiver on the merits, the Court found that under clear Ninth Circuit
18 precedent, Plaintiff had waived its breach of contract claim as a matter of law by failing to replead
19 the claim when given leave to amend its Complaint. (Id. at 8-9.) In addition, the Court found that
20 Plaintiff was judicially estopped from asserting a breach of contract claim, as Plaintiff had obtained
21 certification of the Court's dismissal order by representing to the Court that it had "adjudicated

---

[3] (See Order Granting Defendant International Brotherhood of Teamsters' Motion for a Terminating Order, hereafter, "December 14 Order," Docket Item No. 439.)

[4] (See International Brotherhood of Teamsters' Motion for Terminating Order or Other Appropriate Relief, hereafter, "Termination Motion," Docket Item No. 429.)

[5] (See Granite Rock Co.'s Opposition to Defendant IBT's Motion for Terminating Order or Other Appropriate Relief at 13-20, hereafter, "Termination Opp'n," Docket Item No. 434.)

[6] (See December 14 Order.)

2

1 Plaintiff's sole claim against the IBT."[7] The Court found that this statement was "plainly
2 inconsistent" with Plaintiff's contention that it maintained a breach of contract claim against
3 Defendant IBT. (Id. at 7.) Accordingly, the Court terminated the litigation as to Defendant IBT and
4 ordered the Clerk of Court to close the case file. (Id. at 9.)

5 Presently before the Court is Defendant IBT's Motion for Fees.

## B. Discussion

Defendant seeks fees for all proceedings following the Supreme Court's ruling in its favor, on the ground that Plaintiff's contention that it maintained a breach of contract claim against Defendant is frivolous, and Plaintiff had no good faith basis for suggesting that it maintained such a claim. (Motion at 9-13.) Plaintiff responds both that its arguments were not frivolous, and that Plaintiff did not increase Defendant's litigation costs by making such arguments because Plaintiff only opposed the Motion for Termination that Defendant had already filed, and thus did not initiate any further proceedings following the remand from the Supreme Court.[8]

Under its "inherent powers" to control the proceedings before it, a district court may award sanctions in the form of attorney fees against a party or counsel who acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997) (citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59 (1975)). Before awarding such sanctions, the court must make an explicit finding that the sanctioned party's behavior "constituted or was tantamount to bad faith."[9] A party "demonstrates bad faith by 'delaying or disrupting the litigation or hampering enforcement of a court order.'" Id. at 649 (citing Hutto v. Finney, 437 U.S. 678, 689 n.14 (1978)). In addition, a finding of bad faith is

---

[7] (Id. at 6 (citing Plaintiff's Motion for Certification under F.R.C.P. 54(b) or, in the Alternative, 28 U.S.C. § 1292(b) of the Court's October 5, 2006 Order Granting Defendant International Brotherhood of Teamsters' Motion to Dismiss with Prejudice, Docket Item No. 196).)

[8] (Opposition to IBT's Motion for Attorneys' Fees and Expenses at 9-14, hereafter, "Opp'n," Docket Item No. 456.)

[9] Id. (citing Roadway Express v. Piper, 447 U.S. 752, 767 (1980)); see also Fink v. Gomez, 239 F.3d 989, 993 (9th Cir. 2001).

3

warranted where an attorney "knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." Id. (citation omitted). However, an award of attorney fees for bad faith "is punitive and the penalty can be imposed only in exceptional cases and for dominating reasons of justice." Dogherra v. Safeway Stores, Inc., 679 F.2d 1293, 1298 (9th Cir. 1982) (citation omitted).

While the authority to sanction attorneys for bad faith conduct is inherent in the court's authority to control proceedings before it, 28 U.S.C. § 1927 also provides a statutory basis for the imposition of sanctions.[10] Unlike sanctions under the court's inherent authority, which require a finding of bad faith, recklessness suffices to justify an award of sanctions under § 1927. See Lahiri v. Universal Music and Video Distrib. Corp., 606 F.3d 1216, 1219 (9th Cir. 2010); see also Fink, 239 F.3d at 993. Sanctions pursuant to Section 1927, however, may only be imposed based on activities before the sanctioning court. GriD Sys. Corp. v. John Fluke Mfg. Co., Inc., 41 F.3d 1318, 1319 (9th Cir. 1994) (per curiam). "District courts enjoy much discretion in determining whether and how much sanctions are appropriate." Trulis v. Barton, 107 F.3d 685, 694 (9th Cir. 1995) (citation omitted).

Upon review, the Court finds that the imposition of sanctions is not warranted in this case. Although Plaintiff's contention that the Supreme Court had decided the question of waiver in its favor was misguided, the Court cannot say that this was a frivolous interpretation of the Supreme Court's opinion because the portions of the opinion relied upon by Plaintiff in support of its contentions could plausibly be interpreted in the manner suggested by Plaintiff.[11] In light of this ambiguity, though some individual arguments raised in Plaintiff's Opposition to Termination were

---

[10] See 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").

[11] See Granite Rock Co. v. Int'l Bhd. of Teamsters, 130 S. Ct. 2847, 2866 n.15 (2010).

4

plainly meritless, Plaintiff's opposition as a whole was not sufficiently frivolous to warrant a finding of bad faith.

Defendant contends that an award of fees is particularly warranted because Plaintiff not only opposed Defendant's Motion to Terminate this litigation, but also brought a separate state court action based on the same conduct that the Court has already found to be frivolous.[12] The Court acknowledges that Plaintiff's attempt to bring the same litigation in state court does equitably weigh in favor of Defendant's fee request, as Defendant has now been forced to incur significant expense litigating two meritless claims post-remand in this 2004 case. The Court finds, however, that because Plaintiff's opposition to Defendant's Motion for Termination in this litigation does not warrant a finding of bad faith, the imposition of fees would be inappropriate at this time.

Accordingly, the Court DENIES Defendant's Motion for Fees.[13]

Dated: March 1, 2012

JAMES WARE
United States District Chief Judge

---

[12] (See Motion at 12; see also Order Denying Defendant's Motion for Attorney Fees and Expenses Without Prejudice, Docket Item No. 50 in No. C 10-3718 JW.)

[13] In light of this Order, the Court DENIES as moot Plaintiff's Motion to Continue the Hearing Date on Defendant's Motion. (See Docket Item No. 462.)

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Adam James Peters apeters@littler.com
Alan Sam Levins alevins@littler.com
Duane B. Beeson dbeeson@beesontayer.com
Garry George Mathiason gmathiason@littler.com
Kimberly Lynn Owens kowens@winlaw.com
Lisa Win-Ning Pau lpau@beesontayer.com
Peder J. Thoreen pthoreen@altshulerberzon.com
Peter David Nussbaum pnussbaum@altshulerberzon.com
Rachelle Lee Wills rwills@littler.com
Rebekah B. Evenson revenson@altshulerberzon.com
Robert Bonsall rbonsall@beesontayer.com
Shannon Marie Gibson sgibson@littler.com

**Dated: March 1, 2012**                      **Richard W. Wieking, Clerk**

**By:     /s/ JW Chambers**
         **Susan Imbriani**
         **Courtroom Deputy**

**United States District Court**
For the Northern District of California